IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:24-CR-00123-JCB-KNM |
| vs. | § § § § | |
| JAMES POOLE (1) | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On January 22, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Commit Murder in Aid of Racketeering, a Class C felony, Defendant James Poole was sentenced on September 13, 2022, by United States District Judge Robert E. Wier, Eastern District of Kentucky. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 39 and a criminal history category of IV, was 360 months to life, capped by the statutory maximum term of 10 years. The Court sentenced Defendant outside of the guideline range, after granting a downward departure, to imprisonment for a term of 30 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include alcohol abstinence, no obstructing, attempting to obstruct, or tamper with substance abuse testing, and search condition. Defendant completed his term of imprisonment and started his term of supervised release on March 8, 2023. The Court revoked

1

Defendant's supervised release on October 25, 2023 and sentenced Defendant to imprisonment for 12 months and 1 day, followed by 23 months and 29 days of supervised release subject to the standard conditions of release, all previously ordered special conditions, and mandatory treatment throughout the entire term of supervision, as well as 6 months RRC community confinement. On August 30, 2024, Defendant completed his term of imprisonment and started his term of supervised release. Jurisdiction was transferred to this district on October 11, 2024, and the case was assigned to United States District Judge J. Campbell Barker.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on November 12, 2024, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant used methamphetamine on or around September 21, 2024, as evidenced by positive urinalysis and his own written admission. It is also alleged that Defendant used methamphetamine on or around October 31, 2024, as evidenced by positive urinalysis and lab confirmation.

2. **Allegation 2 (standard condition 4): The defendant must answer truthfully the questions asked by the probation officer.** It is alleged that Defendant was untruthful with the probation officer on November 6, 2024, by submitting false medical documentation in an attempt to excuse himself from reporting to the residential reentry center, as ordered by the court.

3. **Allegation 3 (standard condition 8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** It is alleged that Defendant was communicating or interacting with someone he knew was engaging in criminal activity on or around October 2 and October 31, 2024. Specifically, it is alleged that Defendant was around a person or persons who were using methamphetamine, as evidenced by his own admission.

4. **Allegation 4 (standard condition 13): The defendant must follow the instructions of the probation officer related to the conditions of supervision.** It is alleged that Defendant failed to report to the U.S. Probation Office on October 30, 2024, as instructed by the probation officer to submit to urinalysis.

5. **Allegation 5 (special condition): For the full supervision period, the defendant shall participate in substance abuse treatment and mental health treatment. The U.S. Probation Office shall determine the mechanics and administrative details of treatment programming. The defendant shall pay for any treatment to the extent your resources fairly and reasonably allow, as determined by the U.S. Probation Office and any court-approved scale. Treatment is mandatory, unless modified by the Court, during the full period of supervision.** It is alleged that Defendant failed to attend integrated mental health and substance abuse treatment with treatment provider Sherry Young on October 18 and October 30, 2024.

6. **Allegation 6 (special condition): The defendant must reside in a halfway house designated by the United States Probation Office during the first six months of supervision. The defendant shall follow the rules of the facility, and the placement shall ensure that the facility provide access to programming (as to, e.g., employment, life skills, problem solving) that will assist you in transitioning from a custodial to a non-custodial circumstance.** It is alleged that Defendant failed to report to the local residential reentry center on November 5, 2024 to begin his six month term of court-ordered community confinement.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*,

3

possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens that were positive for methamphetamine, being untruthful with the probation officer, communicating or interacting with someone known to be engaging in criminal activity, failing to report as instructed, failing to attend integrated mental health and substance abuse treatment, or failing to report for community confinement, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On January 22, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 15 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville.

---

122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 15 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 15 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 15 months with no further term of supervised release.

So ORDERED and SIGNED this 22nd day of January, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE